## IN THE UNITED STATES OF DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

**Date: March 30, 2007**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Anthony Merlo

---

**Criminal Case No.  06-cr-00365-REB**

UNITED STATES OF AMERICA,                               Wyatt Angelo

v.

GERALD R. HULSEY,                                       Arnold Mordkin
       Defendant.

---

### SENTENCING MINUTES

---

**10:05 a.m    Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense(s) for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1, 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#22] filed March 23, 2007, is **granted.** That the Government's Motion for Decrease for Acceptance of Responsibility [#23] filed March 30, 2007, is **denied**.

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count One of the Information.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **Twenty-two (22) months.**

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

6.  That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7.  That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8.  That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he / she may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that the defendant, as directed by the probation department, and at his own expense, unless indigent, shall undergo an alcohol and substance abuse evaluation, and thereafter, shall receive any treatment, therapy, counseling, testing, or education prescribed by such evaluation, or as directed by the probation department, or as ordered by this court;

    - that the defendant shall abstain from the use of alcohol and other intoxicants during the course of any such treatment, therapy, counseling, testing, or education;

    - that the defendant shall not incur new credit charges or open additional lines of credit without the advance approval of the probation officer;

9.  That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

      11.     That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

      12.     That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

      13.     That the defendant is remanded to the custody of the United States Marshal.

The Defendant waives formal advisement of appeal.

**10:30 a.m.**     **Court in recess.**

*Total in court time: 00:25 minutes  - Hearing concluded*

5